IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| MICHAEL F. TANNER, ) | |
| ) | Bankruptcy No. 12-01429 |
| Debtor. ) | |

**ORDER RE: DEBTOR'S OBJECTION TO PROOF OF CLAIM**

This matter came before the undersigned on March 26, 2013 for evidentiary hearing on Debtor's Objection to Proof of Claim.  Debtor Michael F. Tanner appeared with attorney Derek N.W. Hong.  Claimant Nationstar Mortgage, LLC was represented by attorney C. Anthony Crnic.  After the presentation of evidence and argument, the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

**STATEMENT OF THE CASE**

Debtor disputes the amounts set out in Nationstar's proof of claim.  He asserts he entered into a modification agreement with Bank of America Home Loans, Nationstar's predecessor in interest.  The proof of claim is contrary to that agreement.  Debtor asserts his payments are current under the agreement. Nationstar denies Debtor's assertions.

**FINDINGS OF FACT**

Debtor filed this Chapter 13 case on July 27, 2012.  The deadline for filing claims was November 19, 2012.  At a November 15, 2012 hearing, the Court found that Debtor's Modified Chapter 13 Plan was confirmable and entered the order

confirming the plan on November 20, 2012.  Nationstar did not object to confirmation.

The confirmed Plan proposes to cure the arrearage with Nationstar through monthly payments by the Trustee in the total amount of $3,791.00.  In addition, Debtor would make regular monthly payments directly to Nationstar on the secured claim of $109,218.00.

Nationstar filed its proof of claim, No. 8, on November 20, 2012.  It asserts a total claim of $124,763.01 with $16,019.16 of arrearages and other charges as of the petition date.  According to the proof of claim, the arrearage amount includes nine monthly installments of $912.76, or $8,214.84, and $7,804.32 of postpetition charges including $6,869.32 of escrow shortages or deficiencies.  Trustee's Report on Claims treats Nationstar's claim as secured in the amount of $108,743.85 to be paid directly by Debtor, with arrearages of $16,019.16 to be paid in full through the plan.

On the fourth page of the proof of claim, Nationstar asserts interest due of $5,848.61, for May 31, 2012 through July 27, 2012, or about two months.  Nothing in the record explains how this much interest could accrue in two months. Nationstar adds this amount to principal due of $111,110.08, for total principal and interest due of $116,958.69.  This amount plus the $7,804.32 claimed as "Prepetition Fees, Expenses, and Charges" equals the total amount of the claim, $124,763.01, which apparently does not include the nine monthly installments claimed due on page 5 of the Proof of Claim, totaling $8,214.84.

Page 20 of the proof of claim sets out an Escrow Analysis with an "Effective Month Date" of 8/1/12 showing a "Pre-BK Escrow Balance" of $6,587.38, "Current Escrow Advance" of the same amount and "Initial Shortage Amount" of $281.94. These two amounts equal the "Escrow shortage or deficiency" included in the

2

$7,804.32 of prepetition charges.   No testimony was offered to explain the escrow charges.   In Exhibit 17, the escrow balance on the 5/1/12 Bank of America statement is -$5,373.31, which does not support the amount listed in the Proof of Claim.

Debtor's Exhibit 4 is a notice from Bank of America dated July 9, 2012.   It lists total amounts due of $11,785.72.   That includes eight payments of $1,263.89, Late Charges of $685.60, and Fees Due of $990.00.   At the time, Debtor was in a dispute with Bank of America about the number of payments due, asserting he was current on all payments.   Nothing in the record explains the difference between these amounts and those listed on Nationstar's Proof of Claim which purportedly lists amounts due on the petition date of July 27, 2012.

Exhibit 4 on the sixth page sets out a new payment amount.   It lists a "Projected Escrow Shortage" of $2,438.67.   This does not match the amount Nationstar lists as "Escrow shortage or delinquency" on the Proof of Claim.

Attached to the proof of claim are copies of the Note and Mortgage dated in May 2006, and, on page 19, an Assignment of Mortgage from MERS to Nationstar dated 08/07/12.   Debtor's Exhibit 8 is a Corporation Assignment of Mortgage from Bank of America N.A. to Nationstar Mortgage LLC dated 10/13/2012.   Both assignments refer to the May 2006 Mortgage between Debtors and America's Wholesale Lender as "Lender," with MERS as nominee for Lender.   Nationstar asserts it began servicing the loan on July 20, 2012 through assignment from Bank of America.   This is seven days before Debtor filed this Chapter 13 case.

Debtor Mike Tanner testified that after he fell behind with mortgage payments in the past, Bank of America filed a foreclosure action in June 2009.   According to Debtor, he entered into a modification agreement with the lender in January 2010 as set out in Exhibit 1.   Bank of America's signature does not appear

3

on the Exhibit. Mr. Tanner and his wife signed the agreement on February 2, 2010. Mr. Tanner testified that his attorney told him Bank of America also signed it. Exhibit 2 shows copies of two checks totaling more than $18,184.42 which Debtor paid pursuant to the modification agreement. Bank of America accepted these checks. It moved for and received an Order Setting Aside Decree dated June 11, 2010 in the Iowa District Court foreclosure action.

Debtor testified he continued making all payments after the modification. He sometimes got behind on payments but eventually caught up. He believes he was current with payments through May 2012 when he filed this Chapter 13 case.

In June 2011, Debtor was told by Bank of America that he was thousands of dollars behind in payments. After numerous conversations with agents of Bank of America, he wrote a letter to its attorneys asserting that his settlement payment from February 2010 was not properly applied to his account. Exhibit 7. A second law firm responded with a print out of the payment history for the account. Exhibit 9. The cover letter explains that Debtor's $18,184.42 payment was initially held in a suspense account then applied to the loan. Subsequently, Bank of America decided the funds had been applied improperly, reversed the payments and reapplied them in June 2011. Debtor testified that this led to multiple late fees and other charges, with the result being that as of June 2011 Bank of America considered the loan was paid up to February 2011, with four months unpaid. In contrast, Debtor believed that his payments were current at that time through June 2011. He continued to make all payments, some of which are documented by him in Exhibit 17. Debtor does not have all the documentation in part because of his wife's illness in 2011 and 2012.

Debtor asserts that while his payments were sitting in the suspense account, Bank of America was improperly charging late fees, additional interest, and fees he didn't understand. Bank of America filed a second foreclosure action in November

4

2011, which was eventually dismissed in January 2013. On December 16, 2011, Debtor and his late wife filed a Chapter 13 case, No. 11-02767. Mrs. Tanner passed away on February 24, 2012, after which Debtor voluntarily dismissed that Chapter 13 case. He filed this second Chapter 13 case in July 2012 to propose a plan based on his own income.

Nationstar offered testimony by employee Brian White. He testified that assignments occur when an entity is no longer a servicer or owner of the loan. Nationstar does not own the mortgage. It took over servicing on July 20, 2012. Mr. White testified he reviewed the payment history received from Bank of America and determined nine monthly payments were due. Nationstar has not included this payment history as part of the record.

Mr. White stated that the fees and charges set out in the Proof of Claim were accurate and could be recovered from Debtor. He does not believe Debtor had a modification agreement with Bank of America because the copy he has seen was not signed by Bank of America. He did not see anything in the records to show there was a modification. Mr. White testified that the amount of the arrearage and secured claim on the Proof of Claim were accurate for the date the bankruptcy petition was filed.

Mr. White began reviewing the file on this mortgage three weeks before the hearing. To prepare for testimony, he reviewed Nationstar's system, Bank of America notes imported into the system, payment histories, letters and other communications. Nationstar has not included printouts or copies of these items in the record. Mr. White did not review the collateral file which contains the original documents. Exhibit C is a history of activity in Debtor's mortgage account beginning July 20, 2011. Mr. White explained that as of March 25, 2013, payments are due since July 1, 2012, or eight months, according to that Exhibit. Debtor's

5

recent monthly payments have been applied to payments due prior to that date. Mr. White stated that Nationstar has policies and procedures and a compliance department that makes sure there are no issues with the loan and the amounts are accurate.

Nationstar's proof of claim lists fees from 2009 for attorney fees, filing fees and recording fees. Mr. White testified these amounts are correct, although if there had been a modification in 2010 it would have brought the loan current. He said that he reviewed invoices to determine whether the fees were correct. Nationstar did not offer any invoices as part of the record.

## CONCLUSIONS OF LAW

Pursuant to § 1327(a), the provisions of a confirmed Chapter 13 plan bind the debtor and each creditor which has notice of the plan. In re Burnett, 646 F.3d 575, 581 (8th Cir. 2011). "Where . . . a party is notified of a plan's contents and fails to object to confirmation of the plan before the time for appeal expires, that party has been afforded a full and fair opportunity to litigate." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 130 S. Ct. 1367, 1380 (2010). Even if the provisions of a Chapter 13 plan are improper, creditors with notice of the plan who fail to object are bound by them. In re Wright, 461 B.R. 757, 760 (Bankr. N.D. Iowa 2011).

Debtor filed his original Chapter 13 plan on the petition date, July 27, 2012, setting out the treatment of Nationstar's claim. Proper notice of the plan was given to all creditors, including Nationstar. The notice to Nationstar Mortgage was mailed to the address which it lists on the Proof of Claim. The notice includes a bar date for objections to confirmation of August 28, 2012 and the deadline for filing a proof of claim of November 19, 2012. Nationstar did not file an objection to confirmation.

Debtor filed a modified plan on September 12, 2012 with identical treatment of Nationstar's claim.  Debtor gave limited notice of this plan to the entity affected by the modification.[1]  The Court confirmed the plan at the hearing held November 15, 2012, and the confirmation order and judgment entered November 20, 2012.  On November 20, 2012, Nationstar filed its claim, one day after the deadline for filing proofs of claims.

Nationstar failed to object to confirmation and filed an untimely proof of claim.  The Court could consider Nationstar bound by the confirmed plan as it clearly had notice and failed to object to confirmation.  In some circumstances, however, courts have found that the amount of a claim or arrearage is not necessarily determined by an order of confirmation.  See, e.g., In re Ramey, 301 B.R. 534, 545 n. 9 (Bankr. E.D. Ark. 2003) (finding a possible violation of due process); In re White, 2007 WL 2413013, at *2 (Bankr. N.D. Iowa Aug. 21, 2007) (considering claims post-confirmation pursuant to § 502(j)).  Despite Nationstar's lack of diligence in this case, and out of an abundance of caution to protect due process rights, the Court will consider the merits of Nationstar's proof of claim.

## PROOF OF THE AMOUNT OF THE CLAIM

Once a proof of claim is properly filed, the claim is deemed allowed and the proof constitutes prima facie evidence of the claim's validity and amount.  In re Be-Mac Transp. Co., 83 F.3d 1020, 1025 (8th Cir. 1996); 11 U.S.C. § 502(a).  If an objection to the claim is made, the court, after notice and a hearing, must determine the amount of the claim fixed as of the date of the petition.  11 U.S.C. § 502(b).

---

[1] The modified plan states in paragraph 13(C) that a second loan with Bank of America, which was a junior lien on the real estate, was forgiven in full on July 23, 2012 under a global settlement between the Department of Justice and State Attorneys General and major mortgage servicers such as Bank of America.  The record does not disclose the total amount due on this separate loan, although an objection to confirmation, filed by Bank of America and later withdrawn, states the arrearage amount was $2,479.31.

7

Bankruptcy Rule 3001(f) places the burden of producing some evidence to rebut the presumption of validity on the objecting party. In re Dove-Nation, 318 B.R. 147, 152 (B.A.P. 8th Cir. 2004); In re Muller, 479 B.R. 508, 514 (Bankr. W.D. Ark. 2012). If this burden of production is met, the ultimate burden of persuasion as to the allowability of the claim resides with the creditor. Dove-Nation, 318 B.R. at 152; Be-Mac Transp., 83 F.3d at 1025 n. 3.

A claim can be disallowed for failure to adequately document a list of amounts due on the proof of claim. In re Minbatiwalla, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010). Fees and costs included in a claim should be supported by invoices or bills detailing who performed what services. In re Prevo, 394 B.R. 8947, 850 (Bankr. S.D. Tex. 2008). If attorney fees are claimed under a mortgage, the creditor has the burden to prove the reasonableness of the fees. In re Wasson, 402 B.R. 561, 566 (Bankr. W.D.N.Y. 2009). In Wasson, the court refused to allow unsubstantiated legal fees and valuation fees asserted by a mortgage creditor, and disallowed a fee for preparing the proof of claim. Id. at 567. It allowed the creditor to recover reasonable inspection fees. Id.

## ANALYSIS

The Court has reviewed the entire record to compare it to Nationstar's Proof of Claim. Exhibit C, on pages 3 through 5 lists Principal due of $111,110.08 for all dates from 2/17/12 through 12/05/12. This is the amount listed on the Claim on page 4 as Principal due. It appears to be the amount Nationstar started with when Bank of America assigned it the loan in July 2012. It does not take into account Debtor's disputes with Bank of America regarding application of his payment under the 2010 modification agreement.

The evidence offered by Nationstar does not include documentation from the period of time when Bank of America serviced the loan. Mr. White testified that he

8

reviewed payment histories and other information from the Bank of America and believes the Proof of Claim is accurate.   This information, however, was not made part of the record.   Without seeing the entire history of the loan and relevant documentation for fees and other charges, the Court is not convinced that Mr. White's belief is supportable.

Based on the record presented, the Court specifically finds as a fact that Debtor and Bank of America entered into a modification agreement in 2010 which Bank of America and Nationstar failed to honor.   Bank of America accepted Debtor's settlement payment and dismissed its foreclosure action.   Debtor's Exhibit 9 proves the Bank failed to properly apply the settlement payment.   This caused errors in subsequent payment records which led to Nationstar claiming Principal due of $111,110.08.   Thus, Nationstar has failed to prove the accuracy of this part of its Claim.

Also in Part 1 of the Proof of Claim, Nationstar lists interest for two months at 6.375% of $5,848.61.   Nothing in the record substantiates this amount.   It is obvious that it is erroneous.   At an annual rate of 6.375%, interest for two months on principal of $111,110.08 would be less than $1,200.   For example, Exhibit 17, page 2, shows a payment was applied on 5/1/12 to interest of $593.67 for one month.

Fees and costs included in the Claim from dates in 2009 are not collectible. Debtor's 2010 modification agreement encompassed those amounts.   Nationstar has not substantiated the liability of Debtor for the $75 "Transfer" charge from 11/01/11.   There is no record of any transfer occurring at that time.   Part 3 on page 5 of the claim states 9 payments of $912.76 remain unpaid.   Exhibit 17 shows this is the principal and interest portion of the total monthly payment of $1,243.80.   The number of monthly payments due has been improperly reported since the Bank of

9

America failed to properly apply the 2010 settlement funds. Therefore, this portion of the claim is also inaccurate.

The Claim lists an "Escrow shortage or deficiency" of $6,869.32. As noted above, the record contains at least two contradictory statements of escrow shortages near the same time. None of Nationstar's exhibits support this amount. The Escrow Analysis attached to the Claim sets out this amount but shows no summary or documentation to inform the Court where the number came from.

Pursuant to the foregoing, the Court concludes Debtor has presented sufficient evidence to rebut the presumptive validity of Nationstar's Proof of Claim. Nationstar has failed in its burden to prove the allowability of the claim. None of the testimony or documents in the record sufficiently substantiates the amounts set out in the Proof of Claim. Therefore, Debtor's objection to the Proof of Claim will be sustained. Nationstar's claim will be allowed in the amounts set out in Debtor's confirmed plan, $3,791.00 as an arrearage claim and $109,218.00 as a secured claim.

**WHEREFORE**, Debtor's Objection to Proof of Claim filed by Nationstar Mortgage, LLC is GRANTED.

**FURTHER**, Nationstar's allowed claim is $3,791.00 as an arrearage claim and $109,218.00 as a secured claim.

Dated and Entered: May 28, 2013

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE